UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                             Case No. 15-cr-89 (JNE/FLN)(1)
                                                                           ORDER

Charles Earl Wright, Jr.,

       Defendant.

     On December 11, 2015, Defendant Charles Earl Wright, Jr. was sentenced to 60 months' imprisonment. His base offense level under the U.S. Sentencing Guidelines reflected a crime of violence in his criminal history because he had a prior conviction for simple robbery under Minnesota law. Wright now moves to vacate his sentence under 28 U.S.C. § 2255. He argues that his conviction for simple robbery does not qualify as a crime of violence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held unconstitutional the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. *Johnson* has no bearing on Wright's sentence. Wright was not sentenced under the ACCA's residual clause. He was also not sentenced under the identical residual clause in the U.S. Sentencing Guidelines. Wright's conviction for simple robbery qualifies as a crime of violence under the guidelines without resort to the residual clause. *See U.S. v. Maxwell*, 823 F.3d 1057, 1060–62 (7th Cir. 2016) (holding that simple robbery under Minnesota law is a crime of violence under the guidelines' force clause). Thus, Wright's motion fails.

     An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, Wright has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motion [Docket No. 45] is DENIED.

2. Defendant's motion to appoint counsel [Docket No. 46] is DENIED AS MOOT.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 19, 2016

                                                                                            s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge